**Jerome MUMFORD, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. A–16966.**

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1971.

Jerome Mumford, pro se.

Larry Derryberry, Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

■ This is an appeal from denial of post conviction relief in the District Court of Oklahoma County, Case No. 33094, wherein the court denied relief. In his present application, Petitioner asserts two grounds, the first being that the trial counsel ineffectively represented him during the trial and refused to call certain alibi witnesses. This question has been carefully considered and formed the single assignment of error urged on appeal in Mumford v. State, Okl.Cr., 453 P.2d 337, and for the reasons therein stated, we find it completely without merit.

■ The second assignment of error raised is that the petitioner was denied his right to be represented by counsel at a line-up conducted, contrary to the rule enunciated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

This assignment of error is not a proper one for the consideration of this Court, since the case was tried prior to June 12, 1967. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, the Supreme Court held that the rule requiring exclusion of identification evidence which is tainted by exhibiting the accused to identifying witnesses before trial in the absence of counsel affects only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after June 12, 1967.

The Order denying post conviction relief in the trial court is accordingly affirmed, and the Petitioner is advised that he has exhausted all of his state remedies.

NIX and BRETT, JJ., concur.